J-S33015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAZS BRONNER | : | |
| | : | |
| Appellant | : | No. 87 EDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003294-2014

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 10, 2018**

Jazs Bronner appeals from the order of the Court of Common Pleas of
Bucks County, entered November 28, 2017, that denied his first petition filed
under the Post Conviction Relief Act ("PCRA").[1]  In this timely appeal, Bronner
claims the PCRA court erred in finding counsel was not ineffective for failing
to request the jury be supplied with written instructions on justification.  As
that issue was not raised in his amended PCRA petition, it is waived.
Accordingly, we affirm the order denying Bronner relief.

_____

* Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case. *See* PCRA Court Opinion, 2/1/2018, at 1-5. We summarize the facts as follows:

On March 31, 2014, Bronner murdered his father with a dumbbell. Bronner repeatedly told police that his father had fallen and hit his head once on the dumbbell, but an autopsy revealed that Bronner's father had sustained multiple injuries. A blood splatter expert testified that the blood at the scene was consistent with two blows, not just one, and that the blood splatter was above the height for a person falling and hitting his head on the dumbbell.

During deliberations, the jury requested "the instructions as to first, third, voluntary and involuntary manslaughter" and "the definition of . . . passion[.]" N.T., 5/6/2015, at 167., *see also* Ex. Ct.-5. The trial court provided written instructions for murder of the first degree, murder of the third degree, voluntary manslaughter, and involuntary manslaughter but did not provide a separate definition of "passion." *Id.* Trial counsel did not object to the jury being provided with written copies of these instructions nor did she request that the jury be provided with the written instructions for justification. *See id.*

On May 6, 2015, the jury convicted Bronner of murder of the third degree and possessing instruments of crime.[2] After sentencing, Bronner filed

_____

[2] 18 Pa.C.S. §§ 2501(a) and 907(a), respectively.

a timely post-sentence motion, which the trial court denied on October 15, 2015.

> On November 10, 2015, [Bronner] filed a Notice of Appeal to the Superior Court of Pennsylvania from th[e trial c]ourt's denial of his Motion. On August 9, 2016, the Superior Court affirmed the Order of Sentence. [**See Commonwealth v. Bronner**, 156 A.3d 330 (Pa. Super. 2016) (unpublished memorandum).] On September 9, 2016 [Bronner] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which the Supreme Court denied on December 27, 2016. [**See Commonwealth v. Bronner**, 164 A.3d 475 (Pa. 2016).]

> On December 21, 2016, [Bronner] filed a *pro se* Petition for Post Conviction Relief. On March 1, 2017, the [PCRA c]ourt appointed Blake Jackman, Esquire, as PCRA counsel for [Bronner and ordered PCRA counsel to file an amended PCRA petition]. On June 12, 2017, [Bronner] filed an Amended PCRA Petition[.]

PCRA Court Opinion, 2/1/2018, at 4. The amended petition asserted trial counsel's ineffectiveness on multiple grounds; the only ground relating to written jury instructions was that trial counsel "failed to object where the court committed a reversible error by providing the jury with written instructions." Am. PCRA Pet., 6/12/2017, at 5 ¶ 28.a. It continued:

> i. Following a question by the jury, the [t]rial [c]ourt provided the jury with written instructions.

> ii. In **Commonwealth v. Oleynik**, 568 A.2d 1238 (Pa. 1990), the Superior Court of Pennsylvania found the submission of written instructions to the jury reversible error, due to the undue emphasis on portions of the charge, which potentially undermines the integrity of the deliberative process.

> iii. In **Commonwealth v. Karaffa**, [709 A.2d 887 (Pa. 1998),] the Court found trial counsel ineffective for failing to object to the use of written instructions.

**Id.** at ¶ 28.a.i.-iii. (some formatting).

An affidavit from trial counsel was attached to the amended PCRA petition. In it, trial counsel summarized each issue raised in the amended PCRA petition, including the allegation that she "failed to object where the court committed reversible error by providing the jury with written instructions during deliberations[.]" Am. PCRA Pet., 6/12/2017, Ex. A, at 2.[3]

Following an evidentiary hearing on October 4, 2017, the PCRA court permitted the parties to submit briefs. In his brief, Bronner altered his claim. In his amended PCRA petition, Bronner had pleaded that no written instructions should have been provided to the jury and that trial counsel was ineffective for failing to do anything to try to prevent the jury from receiving any written instructions. Am. PCRA Pet., 6/12/2017, at 5 ¶ 28.a. In his post-hearing brief, Bronner changed his claim to contend that he had no disagreement with the jury receiving written instructions on the elements of the criminal homicide charges but, instead, that trial counsel should have objected to the jury receiving written instructions on the elements of the criminal homicide crimes without **also** receiving written instructions on justification or self-defense. Br. in Supp. of PCRA, 11/8/2017, at 4,[4] *citing* Pa.R.Crim.P. 646(B).[5]

_____

[3] Trial counsel's affidavit is not paginated.
[4] Bronner's brief in support of PCRA is not paginated.

[5] This new challenge was not pleaded in the alternative – *e.g.*, there is no suggestion that Bronner was still alleging that no written instructions should

On November 28, 2017, the PCRA court denied the PCRA petition. This appeal followed.[6]

Bronner raises the following issue for our review:

Whether the [PCRA] court erred by denying [Bronner]'s petition for post conviction relief, where trial counsel[] rendered ineffective assistance of counsel that under the circumstances of this case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, by failing to object at trial to the jury being provided written jury instructions as to first-degree murder, third-degree murder, voluntary manslaughter, and involuntary manslaughter, without also being provided the written instructions for justification.

Bronner's Brief at 4.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Bronner contends that the trial court erred by denying his PCRA petition, because his trial counsel was ineffective. Bronner's Brief at 10. He continues that trial counsel failed to object to the jury being provided with written instructions on the elements of murder of the first degree, murder of the third

---

have been provided to the jury but, if they were provided, they should have included the justification instruction. *See* Br. in Supp. of PCRA, 11/8/2017, at 4. The brief only alleged that trial counsel was ineffective for failing to address the lack of a written instruction on justification.

[6] On January 24, 2018, the PCRA court ordered Bronner to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Bronner complied on January 30, 2018. On February 1, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

degree, voluntary manslaughter, and involuntary manslaughter without also being provided with a written jury instruction about justification. *Id.* He argues that trial counsel's failure to object "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* He adds that his "constitutional right to due process and effective assistance of Counsel under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and parallel provisions of the Constitution of the Commonwealth were violated in this case." *Id.*

Preliminarily, we note that Bronner's amended PCRA petition did not allege trial counsel's failure to request a written instruction on justification or to object to the trial court's failure to include such an instruction constituted ineffective assistance of counsel. Instead of pleading that trial counsel should have requested an **additional** written jury instruction on justification, the amended PCRA petition alleged that trial counsel was ineffective for failing to object to the trial court providing the jury with **any** written jury instructions. Am. PCRA Pet., 6/12/2017, at ¶ 28a.

"[A] claim not raised **in a PCRA petition** cannot be raised for the first time on appeal. . . . [P]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (emphasis added) (citation omitted); *accord Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014). As Bronner's claim changed from his amended PCRA petition wanting **no** written jury instructions

to his brief to this Court wanting **more** written jury instructions, his sole claim on appeal is waived.

Additionally, the inclusion of the claim that trial counsel was ineffective for failing to address the lack of a written instruction on justification in the brief Bronner filed in the PCRA court after the evidentiary hearing does not preserve this issue for our review. In order to raise additional or novel claims of trial counsel's ineffectiveness, the PCRA court must grant the petitioner leave to amend his petition. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2014). Here, like the defendant in **Rykard**, Bronner neither sought nor was granted leave to amend his petition to include the claim that trial counsel was ineffective for failing to object the lack of or to request the addition of a written jury instruction on justification. **See id.** Accordingly, Bronner is not entitled to relief.

Assuming Bronner had preserved his challenge, we would still conclude that his claim merits no relief. Although the PCRA court also holds that Bronner's "alleged error" was waived, PCRA Court Opinion, 2/1/2018, at 5, it still provided an analysis "if [it] were to consider [Bronner]'s claim on the merits," which comprehensively discusses and properly disposes of that question. (Finding: Bronner failed to demonstrate that he suffered any prejudice as a result of his trial counsel's failure to request a written jury instruction on self-defense; Bronner failed to establish how there could have been a reasonable probability that, but for his counsel's failure to object to the lack of a justification instruction, he would have been convicted of

voluntary manslaughter instead of murder of the third degree; the evidence did not show any basis for self-defense, as Bronner had previously only contended that his father's death was accidental); *see also Andrews*, 158 A.3d at 1263 (prejudice, "to the effect that there was a reasonable probability of a different outcome if not for counsel's error," is a required element to find ineffective assistance of counsel). *See id.* at 6-7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18